## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

U. S. BANK, NATIONAL ASSOCIATION,

                Plaintiff,

v.                                  CIVIL ACTION NO.   5:12-cv-05770

CHANDAN, LLC, et al.,

                Defendants.

### MEMORANDUM OPINION AND ORDER

The Court has reviewed the Plaintiff's *Motion for Summary Judgment* (Document 59) and accompanying *Memorandum in Support of Motion for Summary Judgment* (Document 60), the *Defendants' Response in Opposition to Plaintiff's Motion for Summary Judgment* (Document 64),[1] as well as the Plaintiff's *Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment* (Document 67).[2]   For the reasons stated more fully herein, the Court finds that the Plaintiff's motion for summary judgment should be granted.

### I.       FACTUAL AND PROCEDURAL HISTORY

This action arises out of a lender-borrower relationship between Plaintiff U.S. Bank National Association and Defendants (i) Chandan, LLC, (ii) Chandan Management, Inc., (iii) Kirit

---

1       The Defendants attach the following, under seal, as exhibits to their *Response in Opposition to Plaintiff's Motion for Summary Judgment* (Document 64): (A) an eight page copy of various email communications between the Plaintiff and Defendants, various dates (Exhibit A, Document 68-1); and (B) a two page copy of various email communications between the Plaintiff and Defendants, dated October 9, 2014 (Exhibit B, Document 68-2.)

2       The Plaintiff attaches the following as an exhibit to its *Reply to Defendants' Opposition to Plaintiff's Motion for Summary Judgment* (Document 67): a copy of a one page email from William Blair to Bradley Sorrells, dated October 23, 2014 (Exhibit 1, Document 67-1).

Sheth, (iv) Mira Sheth, (v) Kamal Thakoree, (vi) Varsha K. Thakoree, (vii) Dinesh Sheth, (viii) Devyani Sheth, (ix) Subodh Amin, and (x) Anjana Amin.   Specifically, in or around July 2000, the Defendants borrowed one million dollars ($1,000,000.00) pursuant to a promissory note assigned to and now held by the Plaintiff.[3]   The subject loan was originated through the U.S. Small Business Administration (SBA).   While the SBA is not a formal party, its approval is necessary for any resolution of the dispute concerning the loan.

Importantly, "[e]ach of the individual defendants signed an Unconditional Guarantee of the Note, a true copy of which is included in Exhibit B of the Complaint."   (Document 56 at ¶ 2.) The Defendants fell behind on their payments, however, and no payments have been made on the Note since December 2010.   (Document 56 at ¶ 3.)    "From December 2010 until this action was filed on 21 September 2012, the only payment or credit on the Note . . . has come from the net proceeds of the foreclosure sale conducted on 31 August 2012."   (*Id.* at ¶ 5.)   The highest bid at the foreclosure sale was $396,500, and after deducting recoverable expenses of $10,880.03, the sale yielded a net recovery of $395,619.97.   (*Id.* at ¶¶ 8-9.)

On September 21, 2012, the Plaintiff filed suit against the Defendants.   (*See Compl.*, Document 1).  Following the filing of the lawsuit, the Plaintiff and Defendants "entered into settlement negotiations in an attempt to bring about an amicable resolution to these proceedings." (Document 64 at 1.)   The parties engaged in several rounds of back-and-forth negotiations concerning the amount that the Defendants would pay towards satisfying the remaining $512,001.34 debt after the foreclosure sale.   During the majority of this time period, this matter

---

3        The Court notes that the facts underlying this dispute were memorialized in an *Amended Stipulation* (Document 56) signed by all of the parties.

was stayed per the parties' request to facilitate the SBA's approval or denial of any potential settlement.   (*See* Documents 31, 32, 35, and 41.)

Defendants' Kamal Thakoree and Varsha Thakoree were dismissed by Agreed Order (Document 46) entered on June 10, 2014, following approval by the SBA of their $53,700 settlement offer.   To date, the SBA has not approved any of the settlement offers from the remaining Defendants.   The Plaintiff filed its *Motion* and accompanying *Memorandum in Support* on September 26, 2014, and the *Defendants' Response in Opposition* was filed on October 13, 2014.   The Plaintiff filed its *Reply* on October 23, 2014.

## II.   STANDARD OF REVIEW

The well-established standard for consideration of a motion for summary judgment is that summary judgment should be granted if the record, including the pleadings and other filings, discovery material, depositions, and affidavits, "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a)–(c); *see also Hunt v. Cromartie*, 526 U.S. 541, 549 (1999); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Hoschar v. Appalachian Power Co.*, 739 F.3d 163, 169 (4th Cir. 2014).   A "material fact" is a fact that could affect the outcome of the case.   *Anderson*, 477 U.S. at 248; *News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).   A "genuine issue" concerning a material fact exists when the evidence is sufficient to allow a reasonable jury to return a verdict in the nonmoving party's favor.   *FDIC v. Cashion*, 720 F.3d 169, 180 (4th Cir. 2013).

The moving party bears the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.   Fed. R. Civ. P. 56(a); *Celotex Corp.*,

477 U.S. at 322–23.   When determining whether summary judgment is appropriate, a court must view all of the factual evidence, and any reasonable inferences to be drawn therefrom, in the light most favorable to the nonmoving party.   *Hoschar*, 739 F.3d at 169.   However, the nonmoving party must satisfy its burden of showing a genuine factual dispute by offering more than "[m]ere speculation" or a "scintilla of evidence" in support of its position.   *Anderson*, 477 U.S. at 252; *JKC Holding Co. v. Wash. Sports Ventures, Inc.*, 264 F.3d 459, 465 (4th Cir. 2001).

If disputes over a material fact exist that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party," summary judgment is inappropriate. *Anderson*, 477 U.S. at 250.   On the other hand, if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," then summary judgment should be granted because "a complete failure of proof concerning an essential element … necessarily renders all other facts immaterial."   *Celotex*, 477 U.S. at 322–23.

## III.   DISCUSSION

U.S. Bank argues simply that "there is no dispute as to any material fact."   (Document 60 at 5.)   It states that the Note has been stipulated as authentic by all parties, and its terms call for an interest rate of "prime rate plus 2.5%."   (*Id.* at 4.)   U.S. Bank declares that:

> Adding the result of these calculations yields the total of deficiency and interest that is owed to U.S. Bank as of 26 September 2014:
>
> Remaining Deficiency:  $458,301.34
> Interest to 4/1/14:  $46,540.82
> Interest since 4/1/14:  $12,849.82
> TOTAL as of 9/26/14:  $517,691.98[4]

---

[4]     The Court notes that the Plaintiff's calculations do not include interest for the period from September 27, 2014, to present.   (See Document 60 at 4-5.)

4

(*Id.* at 5.)   Thus, "U.S. Bank's entitlement to judgment as a matter of law is likewise established, and it is axiomatic that when a debt is established by a promissory note, West Virginia law imposes liability upon the maker and any guarantor of that note. *See W.Va. Code §§* 46-3-412, 46-3-419(b)."   (*Id.*)

The Defendants respond that summary judgment should be denied because the parties have reached a tentative settlement.   (Document 64 at 3-5.)   To support this contention, the Defendants cite case law concerning settlements and posit that even though all of the settlement offers must be approved by SBA per the Plaintiff's email correspondence, there is nonetheless a tentative settlement because U.S. Bank and Credit Committee approved the offers and any approval by SBA is immaterial since "the SBA is not a party to this litigation, has never directly negotiated with the Defendants and is outside this Court's purview."   (*Id.* at 5, fn 6.)

The Defendants alternatively argue that the SBA is an indispensable party to this litigation because the Plaintiff is required to submit settlement offers to the SBA for review, and thus, the Court should dismiss this matter for failure to join SBA by the Plaintiff.   (*Id.* at 6-8.)   They argue that the SBA has "created undue delay and impeded th[e] progress of the proceedings."   (*Id.* at 7) (internal reference omitted.)

The Plaintiff replies that "[t]he Defendants do not challenge the facts presented by the Plaintiff [because] indeed, all of the material facts are conclusively established by a binding stipulation [Document 56], which is of record in this case."   (Document 67 at 1.)   It argues that there are no enforceable settlement agreements because as the Defendants have understood the entire time, "[a]ll of the settlement discussions in this case were expressly conditioned upon any tentative agreement being approved by the SBA."   (*Id.* at 2.)   The Plaintiff further stresses that

5

SBA approval is required as a matter of federal law under 13 CFR § 120.536(a), noting that the SBA's prior written consent is needed "before any of various actions are taken," including an agreement to any "[c]ompromise of the principal balance of a loan."   (*Id.* at 2-3.)

The Plaintiff rejects the Defendants' contention that the SBA is an indispensable party, and notes that "there is no basis for holding that a joint obligor, such as a guarantor, is an indispensable party," and further notes that there is "an abundance of authority establishing the rule that a joint obligor is not an indispensable party."   (*Id.* at 4) (emphasis in original omitted.)

The Court finds that there is no tentative settlement agreement to enforce.   The undisputed facts reveal that the Defendants understood from the very beginning that any offer of settlement had to be approved by the SBA.   In other words, it is undisputed that the SBA's approval was a condition precedent to acceptance of any settlement offer from the Defendants.   This reality is borne out by the parties' course of dealing.   For instance, the Thakorees were only dismissed after the SBA approved their settlement offer.   The Defendants also understood that SBA approval was mandatory in their joint motion to stay—a motion and memorandum that they drafted with approval from the Plaintiff.   (*See* Document 32 at 1) ("However, as the loan at the heart of this case was originated though the [SBA], in order for the settlement to be finalized, the settlement offer must be approved by the SBA.")

Furthermore, this reality is reflected by the parties' email communications.   (*See* Exhibit A, Document 68-1 at 1.) ("Thanks Jerome. The offer has been passed on and I expect to have an answer for you as to the <u>initial response</u> by Friday. <u>I know you are aware that if accepted by the Bank's Credit Committee, it will still require SBA approval</u>.") (emphasis added).   Thus, the

instant situation is wholly distinguishable from the state of affairs found in *Schott Corp. v. American Ins. Co.*, 2006 WL 2988460 (S.D.W. Va. 2006) (Faber, J.) (unreported).

In *Schott*, the parties agreed to a settlement "when American's attorney emailed Schott's attorney to tell him that American would accept Schott's offer to settle its claims against American for $1 million." *Id.* at *2. It appears evident that there was no further approval needed in *Schott,* whereas here, all of the parties understood that SBA's approval was required before any settlement could be reached. The *Schott* court also noted that "[i]n order to enforce a settlement agreement, a district court (1) must find that the parties reached a complete settlement agreement and (2) must discern the terms of that agreement." *Id.* (internal citation omitted.) Here, there is no complete settlement agreement between the Plaintiff and Defendants because the Plaintiff expressly stated that the SBA had to approve the settlement offer, which it did not. Thus, there is no settlement agreement, tentative or not, to enforce.

Additionally, the Court finds that the SBA is neither a necessary nor an indispensable party. Rule 19 of the Federal Rules of Civil Procedure, the rule controlling the required joinder of parties, establishes a two-step analysis for a district court to determine whether a party should be joined in an action. The initial inquiry requires the court to determine whether the party is "necessary" to the action pursuant to Rule 19(a). The SBA is not a necessary party to the instant action because "the court [can] accord complete relief among existing parties" in its absence. Fed. R. Civ. P. 19(a)(1)(A). Moreover, while the SBA undoubtedly has an interest relating to the Note, or the subject of the action, disposition will not "leave [the Defendants] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of that interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). That is because here, no party disputes the (i)

7

authenticity of the Note, the (ii) amount that remains due from the remaining Defendants, or (iii) that the SBA is a joint obligor on the Note.   The requirement that the SBA agree to, or approve, any settlement ensures that its interests are protected and that it could not seek separate recovery from the Defendants.   Additionally,

> the Fourth Circuit Court of Appeals has admonished the district court that '[d]ismissal of a case is a drastic remedy ... which should be employed only sparingly.'   *Teamsters Local Union No. 171 v. Keal Driveway Co.,* 173 F.3d 915, 918 (4th Cir. 1999).   Such a decision "must be made pragmatically, in the context of the substance of each case, rather than by procedural formula."   (*Id.*) (citation omitted)."

*Branch Banking & Trust Co. v. First American Title Ins. Co.*, 2012 WL 529926 *6 (S.D.W. Va. 2012) (unreported).   Thus, the SBA is not an indispensable party and dismissal is, therefore, inappropriate.

In summation, the Court finds that the parties never agreed to a settlement, and further, the SBA is not an indispensable party.   Thus, there is no genuine dispute as to any material fact, and Plaintiff U.S. Bank, National Association is entitled to judgment as a matter of law.

## CONCLUSION

Wherefore, based on the findings herein, the Court **ORDERS** that the Plaintiff's *Motion for Summary Judgment* (Document 59) be **GRANTED**.   The Court further **ORDERS** that the Plaintiff file documents reflecting its accounting of the amount due, including interest, attorney's fees and costs, by December 8, 2014.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER:      November 17, 2014

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA